

**FILED** TD
4/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 91 (Rev. 11/11) Criminal Complaint

AUSA Michael Spitulnik / (312) 353-8788

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| HENRY MARTEN | ) | Case No.    26 CR 171 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 14, 2026_____ in the county of _____Lake County_____ in the _____Northern_____ District of _Illinois, Eastern Division_ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2113(a) | By intimidation, took from the person and presence of a bank employee money belonging to, and in the care, custody, control, management and possession of Chase Bank, located at 255 Skokie Valley Road, Highland Park, Chicago, Illinois, the deposits of which are insured by the Federal Deposit Insurance Corporation. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HERBERT HOGBERG III Special Agent, Federal Bureau of Investigation
_____
*Printed name and title*

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: _____04/15/2026_____

_____
*Judge's signature*

City and state: _____Chicago, Illinois_____

Daniel P. McLaughlin
_____
*Printed name and title*

| Print | Save As... | Attach | Reset |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

### AFFIDAVIT

I, HERBERT E. HOGBERG III, being duly sworn, state as follows:

1. I have been a Federal Bureau of Investigation (FBI) Special Agent for 24 years. My current responsibilities include the investigation of violent crimes, including, among others, kidnaping, bank robbery, and the apprehension of violent fugitives.

2. This affidavit is submitted in support of a criminal complaint alleging that HENRY MARTEN ("MARTEN") has violated Title 18, United States Code, Section 2113(a). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MARTEN with bank robbery, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and circumstances described herein, interviews of bank employees and witnesses, review of documents provided by bank personnel and other witnesses, and review of the bank's video surveillance images, and surveillance footage.

1

## FACTS SUPPORTING PROBABLE CAUSE

4. As detailed below, on or about April 14, 2026, at approximately 2:56 p.m., a male, white Subject entered the Chase Bank, located at 255 Skokie Valley Road, Highland Park, Illinois. After writing a demand note at a kiosk, the Subject presented the demand note to Teller 1. The demand note demanded money, which Teller 1 provided to the Subject along with a blue bank bag. After receiving $4,806 in United States Currency, the Subject fled the bank on foot. Approximately 20 minutes later, responding law enforcement officers found the Subject near the Chase Bank and took him into custody.



*Still images of bank security footage of the Subject entering Chase Bank (left) and of the Subject collecting the money from Teller 1 (right).*

2

*April 14, 2026 Chase Bank Robbery*

5. As part of the investigation, law enforcement interviewed Teller 1. According to a law enforcement interview with Teller 1 on or about April 14, 2026, Teller 1 advised that on April 14, 2026, at approximately 3:00 p.m., he/she observed a male, white Subject entering the bank. Teller 1 described the Subject as male, white, heavy set, approximately 6'1", with stubble facial hair, wearing a black hat, big backpack and jeans. Teller 1 observed the Subject walk to the check writing station in the middle of the bank. Teller 1 observed that the Subject seemed to be writing at the station for approximately five to seven minutes. The Subject then walked up to the teller counter where Teller 1 was working. The Subject provided a handwritten note to Teller 1. Teller 1 recalled it stated, "empty the drawer". Teller 1 stated as the Subject provided him/her the note, the Subject stated to Teller 1, "Don't say anything". Upon seeing the note, Teller 1 felt threatened, and was in fear for his/her life and the lives of others. Teller 1 observed that the note was on bank paper, and believed that the Subject also told him/her, "do what it says, I don't want it to get messy". This increased Teller 1's fear that the Subject would harm Teller 1 or someone else in the bank if he/she did not give him the money. Teller 1 observed that the top drawer of the register had only approximately $40.00, which caused Teller 1 to become fearful that the top drawer money would not be enough for the Subject. Teller 1 thus provided the Subject with money from the top and second drawers. Teller 1 stated that the Subject asked for a blue bank bag which Teller 1 provided to him. Teller 1 observed the Subject put the money in the blue vinyl bag. The Subject

3

said, "this isn't personal" as he walked away from Teller 1. Teller 1 observed the Subject walk out of the bank, and then told a coworker, Teller 2, about the robbery.

6. Teller 2 was unaware that the bank had been robbed until he/she spoke to Teller 1 after the Subject left the bank. Once the Subject left, Teller 1 advised Teller 2 that the bank had just been robbed. Teller 2 looked out into the bank parking lot and observed the Subject with a backpack walking away from the bank. Teller 2 called 911 to report the bank robbery. While speaking with 911, Teller 2 observed the Subject walking toward the rear area of a nearby business until he/she could no longer observe the Subject as he walked along the rear of the nearby strip mall businesses, which Teller 2 reported to 911.

7. Teller 1 advised that Highland Park Police Department (HPPD) officers brought the Subject back to the bank following his arrest. HPPD officers asked Teller 1 to identify the Subject, and Teller 1 positively identified the Subject as the bank robber.

8. An audit of Teller 1's drawers following the robbery found the loss to be approximately $4,806 in United States Currency.

### *Review of Chase Bank Surveillance Video and Photos*

9. A review of video surveillance from Chase Bank found that the Subject entered the bank at approximately 2:56 p.m. through the southside entry doors. The Subject proceeded north through the bank lobby to a bank check/paperwork kiosk where he retrieved a bank slip and bank pen and began writing on the slip.

4

10. The Subject was observed to be a male, white, approximately 60 years old, approximately 6'3", 250 pounds, with white in color, short facial hair, wearing a blue in color baseball hat with white in color writing on the front, a dark blue in color Under Armor brand short sleeve polo style shirt, blue jeans, and brown in color shoes, while carrying a large light-colored backpack. *See* Still Images of the Subject from Chase Bank Surveillance Video below.



5

11. After approximately three minutes at the kiosk, the Subject retrieved his backpack from a chair and approached the teller counter at Teller 1's station. Upon reaching the station of Teller 1, the Subject displayed the demand note. *See* Still Image from Chase Bank Surveillance Video of the Subject presenting the demand note below.



12. After presenting the note to Teller 1, the Subject maintained control of the note by keeping it in his hand. Teller 1 put the money onto the counter. The Subject collected the money. He then put it into a blue vinyl bag that Teller 1 gave to the Subject after the Subject demanded it. The Subject placed all of the money and the demand note into the blue vinyl bank bag. The Subject collected his backpack and began to walk out of the bank at approximately 3:00 p.m. *See* Still Images from Chase Bank Surveillance Video of the Subject maintaining control of the demand note, collecting the money, and leaving the bank below.





### *MARTEN's Identification as the Robber*

13. At approximately 3:17 p.m., a HPPD Detective located an individual matching the description of the Subject involved in the robbery on the sidewalk on the north side of the Shell Gas Station, located at 10 Skokie Valley Road, which is approximately 0.4 miles south of the Chase Bank branch that was robbed. HPPD approached the Subject, and he identified himself as HENRY MARTEN. MARTEN was wearing blue jeans, a dark in color Under Armor brand polo, and a baseball cap, and had gray facial hair. Upon making contact with MARTEN, HPPD asked MARTEN where he was coming from. MARTEN replied that he was on his way to the train. The HPPD Detective asked MARTEN if he was at Chase Bank. MARTEN replied, "Yeah". HPPD asked if he had passed employees at Chase Bank a note. MARTEN nodded his head and said, "Yeah." MARTEN was asked what happened at the bank, to which MARTEN replied, "I've tried everything I've had to stay alive."

14. MARTEN was then searched for officer safety and asked if he had any weapons on him, which he denied. MARTEN was asked what kind of note he passed to the bank, to which MARTEN replied, "Please place whatever you have in the bag, and I intend no harm." MARTEN indicated that the note was in his backpack, which was next to him. MARTEN stated the note was in the very front pocket of his backpack. When the HPPD Detective opened the front pocket, a blue bank deposit bag, which contained a large amount of cash, was located. The demand note was also in the bank deposit bag, and read, "Please place all cash you have in your drawer, place in bag and hand to me quickly and quietly. My intent is to leave without harm. Thank you."

8



*Photo of demand note presented to Teller 1*



*Photo of blue vinyl bank bag recovered from MARTEN's backpack*

9



*Photo of the money recovered from MARTEN's backpack*

15. MARTEN handed the HPPD Detective $2 in United States Currency from his pocket and stated he had taken the $2 out of the bank deposit bag. MARTEN was asked why he had done this (the bank robbery), to which he replied, "to get to somewhere I can take a shower and eat." MARTEN indicated that he was homeless, and stated that if he goes to a homeless location, "they don't care about you", and stated "it's like a jail, so I might as well be in jail."

16. When asked for identification, MARTEN stated everything he had to his name was in the backpack and he did not have a photo identification card. MARTEN stated he had been at a Burger King before the Chase Bank. MARTEN stated that he traveled to Highland Park by train and bus.

10

17. The United States Currency in the blue vinyl bank bag was found to contain $4,806 USC.

18. According to Chase Bank's FDIC certificate, the Federal Deposit Insurance Corporation (FDIC) insured Chase Bank's deposits at the time of the bank robbery.



*Photo of MARTEN after HPPD apprehended him*

### CONCLUSION

19. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that, on or about April 14, 2026, HENRY MARTEN, by force and violence, and intimidation, took from the person and presence of a bank employee money belonging to, and in the care, custody, control, management, and possession of Chase Bank, located at 255 Skokie Valley Road, Highland Park, Illinois, the deposits of

11

which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

FURTHER AFFIANT SAYETH NOT.

HERBERT E. HOGBERG III
Special Agent, Federal Bureau of
Investigation

SWORN TO AND AFFIRMED by telephone April 15, 2026.

Honorable Daniel P. McLaughlin
United States Magistrate Judge

12